30 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Martin MAYA-AZUA, Defendant-Appellant.
 No. 93-50008.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1993.*
Decided July 1, 1994.
 
 Before: BROWNING, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Martin Maya-Azua appeals his convictions for conspiracy to possess with intent to distribute cocaine (21 U.S.C. Secs. 841(a)(1), 846), and possession with intent to distribute and distribution of cocaine (21 U.S.C. Sec. 841(a)(1)). He challenges the government's failure to disclose evidence that impeaches the government's critical witness, a confidential informant, as required by Brady v. Maryland, 373 U.S. 83 (1963). We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse.
 
 
 3
 * During April 1992, a confidential informant ("CI") for the Drug Enforcement Agency ("DEA") made several attempts to contact Carlos Cabrera, an acquaintance of Maya-Azua, to negotiate a transaction involving cocaine. The CI, Jesus Carus, was a citizen of Spain who had entered the United States without inspection in 1986 and whose primary occupation was informant for the DEA and other law enforcement agencies in the United States.
 
 
 4
 The CI received a phone call from Cabrera on May 19, 1992, instructing him to go to a service station and return the call. Maya-Azua answered the telephone and told the CI to come to Maya-Azua's residence, where Cabrera was staying temporarily. When the CI arrived, Maya-Azua allegedly gave him samples of both cocaine and marijuana. Cabrera arrived shortly thereafter, and the three then discussed the quantity and price of cocaine to be purchased.
 
 
 5
 After leaving Maya-Azua's residence, the CI contacted DEA agent Andy Rios. He gave Agent Rios the samples he had received from Maya-Azua. The CI and Agent Rios then met with Cabrera and others at a restaurant, where Agent Rios purchased cocaine and then arrested Cabrera and the others. Maya-Azua was not present at the restaurant. DEA agents obtained consent from Cabrera to search Maya-Azua's residence. From Maya-Azua's bedroom closet, which he shared with Cabrera, the agents seized two scales, several plastic baggies, and a tin box containing 28.3 grams of cocaine.
 
 
 6
 Before trial, counsel for Maya-Azua moved to obtain any exculpatory or impeaching information in the CI's "A" file, maintained by the Immigration and Naturalization Service ("INS"). The prosecutor failed to produce the file until after trial, claiming the INS had misplaced it. The file contained a report showing the CI had falsely claimed to border officials that he was a United States citizen, and that the officials released him into the custody of Agent Rios without prosecution. Counsel for Maya-Azua also discovered after trial that the CI had an additional criminal conviction that the CI denied under oath at trial.
 
 II
 
 7
 Maya-Azua argues that the district court erred in denying his motion for a new trial.
 
 
 8
 * We review alleged Brady violations de novo to determine "whether the suppression of Brady material might have affected the outcome of the trial." United States v. Arias-Villanueva, 998 F.2d 1491, 1506 (9th Cir.), cert. denied, 114 S.Ct. 359 (1993). We will accept the district court's findings of fact unless clearly erroneous. United States v. Endicott, 869 F.2d 452, 454 (9th Cir.1989).
 
 B
 
 9
 Due process requires that the government disclose "evidence favorable to an accused ... where the evidence is material either to guilt or to punishment." Brady v. Maryland, 373 U.S. at 87. Favorable evidence includes information "that bears on the credibility of a significant witness in the case," United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir.1988), cert. denied, 489 U.S. 1032 (1989), including impeachment evidence. United States v. Brumel-Alvarez, 991 F.2d 1452, 1461 (9th Cir.1992).
 
 
 10
 The defendant bears the burden of showing that the evidence is material. Id. "Evidence is material if 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " Id. (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome of the trial." Endicott, 869 F.2d at 455 (citing Bagley, 473 U.S. at 682).
 
 
 11
 Maya-Azua contends that the result of the proceeding would have been different if the information in the CI's "A" file and the record of his additional prior conviction had been disclosed to the defense before trial. Maya-Azua argues that he could have impeached the CI's credibility by introducing the evidence at trial.
 
 
 12
 Relevant evidence bearing on a witness' credibility must be timely revealed to defense counsel and "to the ultimate trier of fact, unless clearly cumulative or attenuated." United States v. Bernal-Obeso, 989 F.2d 331, 335 (9th Cir.1993). We find confidential informants particularly untrustworthy. See id. at 333-34. Evidence impeaching an informant is highly significant, especially when his testimony provides the sole or primary evidence for conviction. See id. at 332-36.
 
 
 13
 The essential elements of the government's case against Maya-Azua rested on the testimony of the CI, and upon his credibility. Without the CI's testimony that Maya-Azua supplied him with samples of drugs, the only evidence linking Maya-Azua to the drug conspiracy was the cocaine and paraphernalia found in his closet, which he shared with another defendant. Standing alone, such evidence is not sufficient to support Maya-Azua's conviction. See United States v. Vazquez-Chan, 978 F.2d 546, 551 (9th Cir.1992).
 
 
 14
 The evidence in the CI's "A" file that he lied to border officials and then used his position as an informant for the DEA to avoid prosecution is strong impeachment evidence. It demonstrates his propensity to lie to government agents, and his dependency on the DEA. Evidence of the CI's undisclosed drunk driving conviction directly contradicts his testimony at trial and may establish his propensity to lie under oath.
 
 
 15
 All the additional undisclosed evidence regarding the CI's credibility was material. We reverse Maya-Azua's conviction and remand this case to the district court for a new trial.
 
 
 16
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninh Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3